UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN SAMUELS,

                              Plaintiff,

                    -against-

WARDENS FOR O.B.C.C., et al.,

                              Defendants.

25-CV-9214 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at the North Infirmary Command on Rikers Island, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for violations of his rights under the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, as well as claims under Article 1, Section 11 of the New York State Constitution. By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are alleged in the complaint.[2] While Plaintiff Julian Samuels was a

pretrial detainee in the custody of the New York City Department of Correction (DOC), he was

housed in Dorm 8 Upper at the Otis Bantum Correctional Center (OBCC). "Romero," an

individual who had already been sentenced, was housed in the same unit. On December 5, 2024,

Romero attacked Plaintiff from behind with a weapon as Plaintiff was walking to the bathroom.

Correction Officer De la Santos witnessed the assault, but he waited until events escalated to a

fight before intervening. Plaintiff suffered a cut on the back of his neck and has a swollen and

permanently disfigured right index finger with nerve damage. Officer De la Santos allegedly

failed to provide prompt medical treatment to Plaintiff after the incident, despite his significant

injuries. Plaintiff eventually received medical care at Bellevue Hospital.

The incident was initially reported as a "slashing" in which Romero was injured. Plaintiff

contends that an officer wrote a second disciplinary ticket after the officer who wrote the first

disciplinary ticket had left for the day. Plaintiff contends that the disciplinary ticket was

"doctored" to incriminate him.

Captain Hope placed Plaintiff in Extended Supervision Housing. At some point, one or

more defendants disregarded surveillance camera footage that supported Plaintiff's account that

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Romero attacked him from behind. Plaintiff was found guilty of a disciplinary matter after a hearing before a hearing officer who was biased, though the grounds for the alleged bias are unspecified; the decision on the disciplinary matter was expunged after Plaintiff's successful Article 78 petition.

Plaintiff brings this suit against "Wardens for OBCC and RESH," Deputy Warden Perez, Correction Officers Marshall and De Los Santos, and Captain Hope.[3] Plaintiff asserts claims, under 42 U.S.C. § 1983, for violations of his rights under the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, as well as claims under Article 1, Section 11 of the New York State Constitution. He seeks damages.

## DISCUSSION

### A.    Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

Moreover, a supervisory defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather,

---

[3] RESH is an apparent reference to the Rose M. Singer Center (RMSC) Enhanced Supervised Housing, which is reserved for individuals who have been found guilty of disciplinary charges while in custody.

"a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names Deputy Warden Perez, Correction Officer Marshall, and Wardens for OBCC, RESH" as defendants in the caption of the complaint. In the body of the complaint, however, Plaintiff does not mention these defendants or allege facts about what each defendant did or failed to do that violated Plaintiff's constitutional rights. Plaintiff's allegations are therefore insufficient to show how these defendants were personally involved in the events underlying his claims. Plaintiff's individual-capacity claims against Defendants Perez, Marshall, and "Wardens for OBCC, RESH" are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Insofar as Plaintiff seeks to bring claims against "Wardens for OBCC, RESH," Deputy Warden Perez, or other DOC officials in their official capacities, the official-capacity claims are in essence claims against the City of New York. *See Nassau Cnty Emp. "L" v. Cnty of Nassau*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself" (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). When a plaintiff sues a municipality such as the City of New York under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality . . . may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).

4

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).[4] Here, Plaintiff has not alleged facts showing the existence of a municipal policy, custom, or practice that caused a violation of his rights. Plaintiff thus has not stated an official-capacity claim against "Wardens for OBCC, RESH," Deputy Warden Perez, or Defendant Marshall, and these Section 1983 claims are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Below, the Court grants Plaintiff leave to file an amended complaint to state facts suggesting that he is entitled to relief from one or more of these defendants.

**B.      Federal Constitutional Claims**

Plaintiff asserts Section 1983 claims for alleged violations of his rights under the 1st, 5th, 8th, and 14th Amendments to the United States Constitution. The First Amendment governs the constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996), the free exercise of religion, *McEachin v. McGuinnis,* 357 F.3d 197, 203 (2d Cir. 2004), freedom from retaliation for protected speech or other activity, *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015), and more. Although Plaintiff

---

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

invokes the First Amendment, it is unclear from Plaintiff's complaint what happened that allegedly violated his First Amendment rights and which defendant was allegedly responsible. Plaintiff thus fails to state a claim upon which relief can be granted under the First Amendment.

It is also unclear on what basis Plaintiff, who is a pretrial detainee with pending state criminal proceedings, invokes the Fifth Amendment, which generally governs due process claims against the federal government, *Bolling v. Sharpe*, 347 U.S. 497,499 (1954), or the Eighth Amendment, which protects the rights of sentenced prisoners, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Plaintiff thus fails to state a claim upon which relief can be granted under either the Fifth and Eighth Amendments.

Plaintiff also invokes the Fourteenth Amendment. He alleges that Captain Hope placed him in Extended Supervision Housing, and he may also be asserting claims against Captain Hope in connection with allegedly false disciplinary tickets. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Plaintiff does not provide enough information for the Court and Defendant Hope to understand the claims against him and determine whether the allegations plausibly suggest that Plaintiff is entitled to relief. Plaintiff thus fails to state a claim on which relief can be granted against Defendant Hope. 28 U.S.C. § 1915(e)(2)(B)(ii). Below, the Court grants Plaintiff leave to file an amended complaint to state facts suggesting that he is entitled to relief from Defendant Hope.

Plaintiff also brings Section 1983 claims against Defendant De Los Santos for alleged failure to protect Plaintiff from a serious risk of harm at the hands of another detainee and deliberate indifference to Plaintiff's serious medical needs, in violation of the Fourteenth Amendment. If Plaintiff files an amended complaint, and wishes to pursue these claims, he must

6

replead these in the amended complaint. If Plaintiff chooses not to file an amended complaint to replead his allegations against the other defendants, the complaint will proceed with Plaintiff's claims solely against Defendant De Los Santos.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend the complaint to detail the claims.

First, Plaintiff must name as the defendants in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do,** the approximate date and time of each event, and the general location where each event occurred**;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated Plaintiff's federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## LEGAL ASSISTANCE

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794). A flyer with details is attached.

## CONCLUSION

With the exception of Plaintiff's claims against Defendant De Los Santos, the Court dismisses Plaintiff's Section 1983 claims against Defendants for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-9214 (LTS). An Amended Complaint form and a CBJC flyer are attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed and does not show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief

may be granted, with the exception that the claims against Defendant De Los Santos shall

proceed.

     SO ORDERED.

Dated:    January 28, 2026
         New York, New York

                                    Louis L. Stanton
                                    Louis L. Stanton
                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse
CBJC Pro Se Legal Assistance Project
40 Foley Sq LL22
New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court