UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN SAMUELS,

                          Plaintiff,

            -against-

CORRECTION OFFICER DE LOS SANTOS
#12505, CAPTAIN HOPE #1822; CAPTAIN
MARSHALL #319; , DEPUTY WARDEN
PEREZ #56; THE MUNICIPALITY OF NEW
YORK CITY, RIKERS ISLAND,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/23/26___

25-cv-9214 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who currently is incarcerated at the North Infirmary Command on Rikers Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in connection with events arising from an alleged assault on December 5, 2024 at the Otis Bantum Correctional Center ("OBCC"). By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.      Plaintiff's Request for an Extension of Time To Amend.**

In a handwritten letter that was docketed on February 26, 2026, Plaintiff requested an extension of time to file an amended complaint [ECF No. 8]. Plaintiff thereafter file the Amended Complaint [ECF No. 9]. Plaintiff's request for an extension of time is GRANTED *nunc pro tunc*, and the Court treats the Amended Complaint as Plaintiff's operative pleading.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**B.    Defendant Rikers Island**

Plaintiff names among the defendants "The Municipality of New York City, Rikers Island." While Plaintiff may have intended to name Rikers Island as a defendant separate from Defendant "The Municipality of New York City," it is well established that Rikers Island lacks the capacity to be sued.  In particular, the capacity of an entity to be sued is generally determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)).  New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Neither the New York City Department of Correction (the "DOC"), which operates the jails at Rikers Island, nor any DOC facility has the power to sue and be sued.  *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Rivera v. Rikers Island, C 74*, No. 02-CV-1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (dismissing claims against Rikers Island, C 74 "[b]ecause DOC facilities and DOC itself are . . . not suable entities").  The Court therefore dismisses Plaintiff's claims against Rikers Island.  The Court construes any such claims as asserted against the City of New York.

**C.    Waiver of Service of Process**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this Order.  The Court requests that Defendants City of New York, Correction Officer De Los

Santos #12505, Captain Hope #1822, Assistant Deputy Warden Perez #56, and Captain Marshall #319 waive service of summons.

**D.        Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Court dismisses any claims against "Rikers Island," which lacks the capacity to be sued, and construes any such claims against the City of New York.

The Clerk of Court respectfully is requested to mail an information package to Plaintiff. The Clerk of Court further is respectfully requested to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York, Correction Officer De Los Santos #12505, Captain Hope #1822, Assistant Deputy Warden Perez #56, and Captain Marshall #319 waive service of summons.

The Clerk of Court respectfully is requested to terminate the motion at ECF No. 8.

Local Civil Rule 33.2 applies to this action.

**SO ORDERED.**

Date:    **April 23, 2026**
         **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.